### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

HARVEY CANTRELL,

               **Plaintiff,**

v.                                  **Case No. 21-cv-01766-SPM**

ONE MAIN FINANCE,

               **Defendant.**

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

On December 29, 2021, Plaintiff Harvey Cantrell filed a Complaint against Defendant One Main Finance for "loan sharking, racketeering, deceit, and unfair markeding [sic]" (Doc. 2). In his complaint, he indicates that he paid off his interest on a loan from One Main Finance, but the company is still charging him interest on the principal (*Id*.). Cantrell states that this practice is "double jeopardy" (*Id*.).

Along with the complaint, Cantrell filed a motion to proceed *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees if the movant "submits an affidavit that includes a statement of all assets he possesses [showing] that he is unable to pay such fees or give security therefor." Cantrell appears to be indigent, however, Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. The Court must dismiss any complaint if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id*.; *see also*

*Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of Cantrell's motion for IFP requires the undersigned District Judge to closely review the allegations of his petition. Cantrell's claim fails this additional level of review.

Cantrell is confused on the Court's power to hear his case. Cantrell should know that federal courts are courts of limited jurisdiction—unlike state courts, they can hear cases only when authorized to do by the United States Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiffs who file suit in federal court typically rely on two bases for federal jurisdiction: federal question jurisdiction, where a litigant claims that he is suing for a violation of a federal statute, treaty, or constitutional provision; or diversity jurisdiction, where a litigant sues for breach of state law and alleges that the action is between citizens of different states and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity). Cantrell does not provide a jurisdictional statement anywhere in his Complaint (Doc. 2).

Furthermore, even if he provided a jurisdictional statement, Cantrell's allegations are frivolous. Cantrell's Complaint describes a garden variety loan arrangement between lender and borrower that does not appear to violate the Constitution or any statute that comes to mind. In fact, Cantrell's loan agreement and activity statements reveal that One Main Finance is charging him the amount they both agreed to according to the payment schedule in the loan agreement (Doc. 2). Nothing in this filing brings a cognizable case or controversy before this Court to

address.

When a plaintiff files frivolous litigation, as Cantrell has done here and previously in this District, the Court finds it unnecessary to grant leave to refile an amendment. The Court is not required to allow frivolous litigation to bog down the judiciary. *See e.g. Walton v. Walker,* 364 Fed. App'x 256, 257-58 (7th Cir. 2010) (affirming dismissal with prejudice of plaintiff's sprawling 82-page complaint considering his history of meritless litigation), *see also Chung v. KPMG LLP,* 104 Fed. App'x 576, 577 (7th Cir. 2004) (dismissal with prejudice was warranted when plaintiff had a history of redundant and frivolous filings).

## CONCLUSION

Accordingly, Plaintiff Harvey Cantrell's Motion to Proceed IFP is **DENIED**, and his Complaint is **DISMISSED with prejudice**. All pending motions are **DENIED as MOOT**. The Clerk of Court shall close the case and enter judgment accordingly. The Court further **ORDERS** Cantrell to pay to the Clerk of Court the full filing fee of $402.00, which he incurred when he filed this lawsuit, within 30 days of entry of this order. Should he fail to comply with this order, the Court will consider imposing immediate monetary sanctions.

## ADDITIONAL SANCTION WARNING

As noted above, Cantrell has filed two frivolous lawsuits. *See* SDIL Case No. 17-CV-00101-SMY-RJD. He has also filed one lawsuit that was dismissed with prejudice for failure to prosecute after an earlier finding of jurisdictional inadequacy and one lawsuit that was dismissed for lack of subject matter jurisdiction without prejudice should he refile in a court of competent jurisdiction. *See* SDIL Case No. 06-CV-00328-

NJR; 16-CV-00830-SPM. He has forced the Court to waste its limited and valuable resources reviewing his indecipherable filings and contemplating what to do with them. Litigants with legitimate claims and defenses are left to bear the burden of the resulting delays.

Cantrell's frivolous filings in this district violate Federal Rule of Civil Procedure 11(b), which prohibits filings that are factually or legally frivolous. A litigant's conduct in violation of Rule 11(b) warrants sanctions under Rule 11(c) after the litigant is given a reasonable opportunity to respond.

The Court now **WARNS** Cantrell that if he again files a frivolous lawsuit, the Court will impose an appropriate financial sanction pursuant to Federal Rule of Civil Procedure 11 and will bar him from filing anything more until he pays that sanction. *See Support Syst. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995).

**IT IS SO ORDERED.**

**DATED:   January 28, 2022**

_**s/ Stephen P. McGlynn**_
**STEPHEN P. McGLYNN**
**U.S. District Judge**